Michael J. Summersgill (*pro hac vice*)
  michael.summersgill@wilmerhale.com
Jordan L. Hirsch (*pro hac vice*)
  jordan.hirsch@wilmerhale.com
Benjamin N. Ernst (*pro hac vice*)
  ben.ernst@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000

[Additional Counsel Listed in Signature Block]

*Attorneys for Plaintiff and Counterclaim-Defendant Akamai Technologies, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MEDIAPOINTE, INC. and AMHC, INC., <br><br> Defendants. <br><br> MEDIAPOINTE, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> AKAMAI TECHNOLOGIES, INC., <br><br> Counterclaim-Defendant. | Case No. 2:22-cv-06233-MCS-AFM <br><br> **PLAINTIFF AKAMAI TECHNOLOGIES, INC.'S MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT MEDIAPOINTE, INC.'S COUNTERCLAIMS FOR WILFUL AND INDUCED INFRINGEMENT** <br><br> Hearing Date: December 5, 2022 <br> Time: 9:00 AM <br> Location: Courtroom 7C, 7th Floor |

# **TABLE OF CONTENTS**

I.  Introduction ..................................................................................................... 1
II. Factual Background ........................................................................................ 3
    A.    MediaPointe's Deficient Willful Infringement Counterclaim .............. 4
    B.    MediaPointe's Deficient Induced Infringement Counterclaim ............ 5
III. Argument ......................................................................................................... 5
    A.    MediaPointe's Willful Infringement Claim Should Be Dismissed ................................................................................................. 6
    B.    MediaPointe's Induced Infringement Claim Should Be Dismissed ............................................................................................... 10
IV. Conclusion .................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Addiction & Detoxification Inst. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ................................................................... 12

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
   No. 6:13-cv-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) .................... 13

*Altair Instruments, Inc. v. Walmart, Inc.*
   No. 2:18-cv-9461, 2019 WL 7166060 (C.D. Cal. Sep. 25, 2019) ..................... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................. 2, 5, 6

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*,
   28 F.4th 1247 (Fed. Cir. 2022) ............................................................. 1, 6, 7

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021) .............................................................. 6, 7, 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 2, 6

*Cal. Beach Co. v. Exqline, Inc.*,
   No. 20-cv-1994, 2020 WL 6544457 (N.D. Cal. Nov. 7, 2020) ........................ 14

*CellControl, Inc. v. Mill Mountain Cap., LLC*,
   No. 7:21-cv-246, 2022 WL 598752 (W.D. Va. Feb. 28, 2022) ......................... 8

*Dali Wireless, Inc. v. Corning Optical Commc'ns*
   LLC, No. 20-cv-6469, 2022 WL 1426951 (N.D. Cal. May 5, 2022) ................. 8

*Document Sec. Sys., Inc. v. Seoul Semiconductor Co.*,
   No. 17-cv-981-JVS, 2018 WL 6074582 (C.D. Cal. Feb. 5, 2018) ..................... 9

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................................. 2, 10

*epicRealm, Licensing, LLC v. Autoflex Leasing, Inc.*,
    492 F. Supp. 2d 608 (E.D. Tex. 2007)..................................................................11
*Finjan, Inc. v. Cisco Sys. Inc.*,
    No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) .......................8
*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)..............................................................................................11
*Google LLC v. Princeps Interface Techs. LLC*,
    No. 19-cv-6566, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020)..................12, 13
*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)........................................................................................*passim*
*Intellectual Ventures I LLC v. Symantec Corp.*,
    234 F. Supp. 3d 601 (D. Del. 2017)......................................................................9
*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014) ...............................................................................6
*Memory Integrity, LLC v. Intel Corp.*,
    144 F. Supp. 3d 1185 (D. Or. 2015) ...................................................................13
*Mich. Motor Techs. LLC v. Volkswagen AG*,
    472 F. Supp. 3d 377 (E.D. Mich. 2020) ...............................................................8
*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012).....................................................................11
*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen)
    Tech., Ltd.*, No. 6:20-cv-8876, 2021 WL 3931910 (W.D. Tex.
    Sept. 1, 2021) .......................................................................................................11
*Ravgen, Inc. v. Quest Diagnostics Inc.*,
    No. 2:21-cv-9011, 2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) ..............2, 8, 10
*Smith v. Extreme Performance 1, LLC*,
    No. 520-cv-328, 2020 WL 5092913 (C.D. Cal. June 23, 2020) .........................6

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985) ...................................................................................4

*Stragent, LLC v. BMW of North America, LLC*,
   No. 6:16-cv-446, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017)..........................13

*Straight Path IP Grp. v. Vonage Holdings Corp.*,
   No. 14-cv-502, 2014 WL 3345618 (D.N.J. July 7, 2014)..................................13

*Superior Indus., LLC v. Thor Glob. Enters.*,
   700 F.3d 1287 (Fed. Cir. 2012) .......................................................................12

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
   785 F.3d 625 (Fed. Cir. 2015) ................................................................2, 13, 14

*Ukiru v. Fed. Home Loan Mortg. Corp.*,
   602 F. App'x 395 (9th Cir. 2015) .......................................................................6

*Upstream Holdings, LLC v. Brekunitch*,
   No. 2:22-cv-3513-MCS-RAO, Dkt. 36, 48 (C.D. Cal. Sep. 30,
   2022) .......................................................................................................2, 7, 9

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ...............7, 8

**Federal Statutes**

35 U.S.C. § 284................................................................................................................4

35 U.S.C. § 285.............................................................................................................4, 7

Plaintiff and Counterclaim Defendant Akamai Technologies, Inc. ("Akamai") respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss MediaPointe Inc.'s ("MediaPointe") counterclaims for willful and induced infringement of United States Patent No. 8,559,426 ("'426 Patent").[1]  *See* Dkt. 36 ("Counterclaims").

## I. INTRODUCTION

In response to Akamai's declaratory judgment complaint, MediaPointe asserts counterclaims of willful and induced infringement of the '426 patent but fails to plead any factual support for these serious allegations.

***First***, to state a claim for willfulness, MediaPointe is required to plead facts showing that Akamai had a ***specific intent*** to infringe the '426 patent. *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022) ("To establish willfulness, a patentee must show that the accused infringer had a ***specific intent to infringe*** at the time of the challenged conduct."); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016) ("[E]nhanced damages … are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior.").[2]

MediaPointe does not come close to meeting this standard.  It does not plead any facts that could show that Akamai possessed a specific intent to infringe or that Akamai's conduct was "blatant" or "egregious."  Instead, MediaPointe merely points to Akamai's knowledge of the '426 patent since the filing of MediaPointe's prior lawsuit against Akamai in August 2021 and then asserts in one conclusory sentence—***without providing a single alleged supporting fact***—that Akamai's alleged infringement is "willful and deliberate."  Counterclaims ¶ 49.  This is

---

[1] MediaPointe has not asserted willful or induced infringement claims with respect to the other asserted patent in this case, U.S. Patent No. 9,426,195 ("'195 patent").

[2] Emphases added unless otherwise indicated.

1

insufficient as a matter of law. *See, e.g.*, *Upstream Holdings, LLC v. Brekunitch*, No. 2:22-cv-3513-MCS-RAO, Dkt. 48 at 2-3 (C.D. Cal. Sep. 30, 2022) (Scarsi, J.) (dismissing willfulness claim because pleading "d[id] not include any additional facts concerning [alleged infringer's] intent in allegedly infringing the [Asserted] Patent"); *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-cv-9011-RGK-GJS, 2022 WL 2047613, at *2 (C.D. Cal. Jan. 18, 2022) (dismissing willfulness claim: "[T]o properly plead willful infringement, a plaintiff must allege facts that plausibly show a defendant knew or should have known of the patent, yet continued to infringe so blatantly that their actions were 'characteristic of a pirate.'").

**Second**, to state a claim of induced infringement, MediaPointe is required to plead facts showing that Akamai had a **specific intent to induce others to infringe the patent**. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-06 (Fed. Cir. 2006) (en banc). MediaPointe again fails to even come close to meeting this standard. Instead, it asserts only that Akamai "disseminat[ed]" marketing materials and instructions relating to the Akamai services that are accused of infringement. Counterclaims ¶ 30. But merely providing marketing and instructions to customers—something that all product companies must do in the ordinary course of their business—is not enough to show the specific intent necessary to sustain an inducement allegation. *See Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015) (merely describing a potentially infringing use in product instructions is insufficient to show intent to induce infringement).

Accordingly, MediaPointe's conclusory allegations of willful and induced infringement are devoid of any factual support, utterly fail to meet the pleading standard, and should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("[A] conclusory allegation ... does not supply facts adequate to show

illegality.").

## II. FACTUAL BACKGROUND

On August 16, 2021, MediaPointe sued Akamai for alleged infringement of the '426 patent and the '195 patent (collectively "Asserted Patents") in the U.S. District Court for the Western District of Texas ("WDTX Action"). MediaPointe voluntarily dismissed the WDTX Action on February 10, 2022, but did so without prejudice to refiling its claims. Facing MediaPointe's ongoing threat of infringement assertions, on September 1, 2022, Akamai filed its Complaint in the present Action seeking a declaratory judgment of non-infringement. *See* Dkt. 1 (Complaint). On September 30, 2022, Akamai filed a First Amended Complaint to provide, among other things, additional detail regarding Akamai's non-infringement claims in which it articulated multiple reasons it does not infringe the Asserted Patents. Dkt. 29 ("FAC").[3]

On October 17, 2022, MediaPointe answered Akamai's FAC and asserted

---

[3] This Court dismissed Akamai's complaint in a prior declaratory judgment action based on Akamai's allegation in its prior declaratory judgment complaint that MediaPointe and its parent AMHC, Inc. did not then own the Asserted Patents. *See Akamai Techs., Inc. v. MediaPointe, Inc.*, No. 2:22-cv-982-MCS-AFM, Dkt. 45 (C.D. Cal. Aug. 31, 2022). In this Action, based on developments occurring after Akamai filed its February 11, 2022 complaint in the prior declaratory judgment action, Akamai has alleged that (as of the filing of Akamai's Complaint in this Action on September 1, 2022) MediaPointe and AMHC now own the rights to the Asserted Patents. *See* FAC ¶¶ 9, 18-23, 39-44. In its Counterclaims, MediaPointe pleads that it "owns all substantial rights in the Asserted Patents, including the right to assert all causes of action under the Asserted Patents and the right to any remedies for the infringement of the Asserted Patents." Counterclaims ¶ 20.

counterclaims for direct infringement (as to both patents), induced infringement (as to the '426 patent alone), and willful infringement (as to the '426 patent alone). Counterclaims ¶¶ 21-47, 49.

### A.  MediaPointe's Deficient Willful Infringement Counterclaim

MediaPointe's willfulness allegation is limited to the '426 patent. Counterclaims ¶ 49. MediaPointe asserts in its infringement allegations that Akamai has known of the '426 patent since MediaPointe's complaint in the WDTX Action (*id.* ¶ 35) and that "Akamai has directly infringed … the '426 patent" "[e]ven after having knowledge of the '426 patent" (*id.* ¶ 25). Then, in a single conclusory sentence in the very last numbered paragraph of the counterclaims, MediaPointe alleges that "[t]o the extent that Akamai's willful and deliberate infringement or litigation conduct supports a finding that this is an 'exceptional case,' an award of attorneys' fees and costs to MediaPointe is justified pursuant to 35 U.S.C. § 285." *Id.* ¶ 49. Based on that threadbare allegation, MediaPointe's "Prayer for Relief" then asks the Court to "[d]eclar[e] that Akamai has willfully infringed … the '426 patent" and seeks "enhanced damages" for willful infringement "pursuant to 35 U.S.C. § 284." *Id.* at 16.

MediaPointe does not provide any facts showing that Akamai acted with any specific intent to infringe the '426 patent.[4] Nor does MediaPointe allege any facts showing Akamai engaged in any conduct that is egregious, wanton, malicious, bad faith, consciously wrongful, flagrant, or characteristic of a pirate.

---

[4] MediaPointe's willfulness claim is limited to the time period following its complaint in the WDTX Action (Counterclaims ¶ 35)—MediaPointe does not allege that Akamai had knowledge of the '426 patent prior to that date. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").

4

### B. MediaPointe's Deficient Induced Infringement Counterclaim

MediaPointe's induced infringement allegations are also limited to the '426 patent after the filing of MediaPointe's complaint in the WDTX Action. Counterclaims ¶¶ 30-35. MediaPointe asserts that, after the date of that complaint, Akamai induced others to allegedly infringe "through the dissemination" of the Akamai services at issue and unidentified marketing, promotional, and instructional materials about these services. *Id.* ¶ 30. MediaPointe alleges that Akamai sold its services, advertised them, instructed users to utilize its services, and offered support and technical assistance to customers. *Id.* ¶¶ 30-32 (allegations limited to "selling access to [Akamai's] CDN and encouraging users to operate devices on that network" and "advertising and marketing Akamai's CDN services, marketing and selling of devices capable of or intended for use on Akamai's CDN, publishing manuals and promotional literature describing and instructing users to utilize Akamai's CDN, and offering support and technical assistance to its customers").

MediaPointe does not identify a single specific marketing, promotional, or instructional statement that Akamai allegedly made and that MediaPointe contends constituted an attempt to induce infringement of the '426 patent (let alone explain how such unidentified material could amount to an attempt to induce infringement). Nor does MediaPointe allege any other acts or statements by Akamai that could possibly show that Akamai specifically intended to induce others to infringe the '426 patent.

### III. ARGUMENT

To state a claim, a plaintiff must allege and provide factual support for each element of the claim. *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Merely reciting the elements of a claim and providing "conclusory statements" without factual support is inadequate. *See id.* at 678; *Twombly*, 550 U.S.

at 557 ("[A] conclusory allegation ... does not supply facts adequate to show illegality."). Couching legal conclusions as factual allegations is also insufficient. *Ukiru v. Fed. Home Loan Mortg. Corp.*, 602 F. App'x 395, 396 (9th Cir. 2015) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." (quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994))). Instead, a plaintiff must allege *facts* that, if taken as true, allow the court to draw the reasonable inference that the defendant is actually liable for the alleged misconduct. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) ("[A]llegations in a … counterclaim ... may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

MediaPointe's allegations of willful and induced infringement do not come close to meeting this pleading standard.

### A. MediaPointe's Willful Infringement Claim Should Be Dismissed

"Willfulness requires **deliberate or intentional infringement**." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). "Knowledge of the asserted patent and evidence of [the alleged] infringement is necessary, but not sufficient," to meet this standard. *Id.* To sustain a willfulness claim, a pleading thus must allege facts that plausibly show—with factual not merely conclusory allegations—that the defendant acted with a "**specific intent to infringe**." *See BASF*, 28 F.4th at 1274. Further, a claim for enhanced damages based on willful infringement requires allegations of and supporting facts showing "willful misconduct" that is "wanton," "malicious," "bad-faith," "consciously wrongful," "flagrant," or "characteristic of a pirate." *Halo*, 579 U.S. at 103-04; *see also Smith v. Extreme Performance 1, LLC*, No. 5:20-cv-328-RGK-SHK, 2020 WL 5092913, at *5 (C.D. Cal. June 23, 2020) (dismissing willful infringement claim, observing

that a "majority [of Ninth Circuit district courts] has concluded that although knowledge and continued infringement are prerequisites to showing willfulness, a plaintiff must also show that the defendant engaged in egregious misconduct").

MediaPointe's willful infringement and enhanced damages claim does not satisfy this standard. The entirety of MediaPointe's allegation is a ***single conclusory sentence*** asserting—without explanation or factual support—that the alleged infringement was willful and deliberate: "To the extent that Akamai's willful and deliberate infringement or litigation conduct supports a finding that this is an 'exceptional case,' an award of attorneys' fees and costs to MediaPointe is justified pursuant to 35 U.S.C. § 285." Counterclaims ¶ 49. This allegation fails for at least two reasons.

***First***, MediaPointe does not plead any facts that, even if accepted as true, could show that Akamai deliberately or intentionally infringed the '426 patent. MediaPointe's counterclaim does not describe even a single statement, document, or event that could in any way show Akamai ever specifically intended to infringe the '426 patent. And MediaPointe cannot plausibly allege willfulness based on the mere fact that Akamai did not stop providing its services simply because MediaPointe filed (and then dismissed) its original claims for infringement. *See Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) ("[I]t is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be. … Such [willfulness] allegations are not plausible."). Willful infringement and enhanced damages are not for "garden-variety cases," *Halo*, 579 U.S. at 109—MediaPointe's threadbare willfulness allegations do not come close to stating a willfulness claim. *Bayer*, 989 F.3d at 988 ("[W]illfulness requires deliberate or intentional infringement."); *BASF*, 28 F.4th at 1274; *Upstream Holdings, LLC v. Brekunitch*, No. 2:22-cv-3513-MCS-

RAO, Dkt. 36 at 2 (C.D. Cal. Aug. 3, 2022) (Scarsi, J.) (dismissing willfulness claim because "[n]othing in the complaint provides specific factual allegations about [Defendants'] subjective intent or details about the nature of [Defendants'] conduct to render a claim of willfulness plausible, and not merely possible"); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-72-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing willfulness claim where plaintiff failed to make "specific factual allegations about [defendant's] subjective intent"); *Wrinkl*, 2021 WL 4477022, at *8 ("[I]t should not be the case that every patent infringement lawsuit is automatically a willful infringement case. But if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case.").

**Second**, MediaPointe nowhere even alleges let alone pleads facts showing that Akamai committed misconduct that is "wanton, malicious, bad-faith, ... consciously wrongful, flagrant, or ... characteristic of a pirate." *Halo*, 579 U.S. at 103–04. This is also fatal to MediaPointe's claim for enhanced damages based on alleged willfulness. *Ravgen*, 2022 WL 2047613, at *2 ("**To properly plead willful infringement,** a plaintiff must allege facts that plausibly show a defendant knew or should have known of the patent, yet continued to **infringe so blatantly that their actions were characteristic of a pirate**."); *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, No. 20-cv-6469-EMC, 2022 WL 1426951, at *4 (N.D. Cal. May 5, 2022) (dismissing willfulness claim because plaintiff "fail[ed] to establish egregious conduct"); *CellControl, Inc. v. Mill Mountain Cap., LLC*, No. 7:21-cv-246, 2022 WL 598752, at *5 (W.D. Va. Feb. 28, 2022) (dismissing willfulness claim because allegations "d[id] not rise to the level of infringing conduct sufficiently egregious to state a claim for willful infringement."); *Mich. Motor Techs. LLC v. Volkswagen AG*, 472 F. Supp. 3d 377, 385 (E.D. Mich. 2020) ("allegations in the [Second Amended Complaint] [we]re not sufficient to allege willful infringement" where

"plaintiff never alleged facts that could support a conclusion that the defendants' conduct rose to the level of egregiousness that might support an award of enhanced damages").

MediaPointe's bare assertion that Akamai has known of the '426 patent since MediaPointe's complaint in the WDTX Action (Counterclaims ¶ 35) or that "Akamai has directly infringed … the '426 patent" "[e]ven after having knowledge of the '426 patent" (*id.* ¶ 25) does not save its willfulness claim.  Simply alleging that the defendant knew of the asserted patent and has allegedly infringed is insufficient as a matter of law to state a claim for willfulness.  As the Federal Circuit recently emphasized, "[k]nowledge of the asserted patent and evidence of infringement is necessary, but **not sufficient**, for a finding of willfulness." *Bayer*, 989 F.3d at 988; *see Halo*, 579 U.S. at 110 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more."); *Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611-12 (D. Del. 2017) ("pre-suit knowledge alone" or combined with "typical infringement" is "not sufficient to support a finding of willful infringement").

There is good reason for this rule.  If simply asserting in a single sentence that the defendant has knowledge of the asserted patent were sufficient to plead willful infringement and enhanced damages, there would be a viable claim of willfulness and enhancement in every case.  But as this and many other Courts have recognized, that is not the law.  *Upstream Holdings, LLC v. Brekunitch et al.*, No. 2:22-cv-3513-MCS-RAO, Dkt. 48 at 2-3 (C.D. Cal. Sep. 30, 2022) (Scarsi, J.) (dismissing willfulness claim: "Allegations of knowledge and continued infringement, alone, are insufficient to show the type of egregious conduct warranting enhanced damages."); *see also Document Sec. Sys., Inc. v. Seoul Semiconductor Co.*, No. 17-cv-981-JVS,

2018 WL 6074582, at * 2 (C.D. Cal. Feb. 5, 2018) ("allegations of knowledge alone are not sufficient to state a claim for willful infringement").

Moreover, that a defendant does not immediately stop providing its products/services when a plaintiff files an infringement case does not constitute wanton, malicious, or bad-faith activity. *Altair Instruments, Inc. v. Walmart, Inc.*, No. 2:18-cv-9461-R-FFM, 2019 WL 7166060, at *2 (C.D. Cal. Sep. 25, 2019) (granting motion to dismiss: "Allegations of knowledge and continued infringement are generally *insufficient* to show that enhanced damages are warranted."). As noted above, were the rule otherwise, there would be a viable willfulness claim in nearly every case. That is not the law. *Ravgen*, 2022 WL 2047613, at *3 ("[W]here a Defendant continues their allegedly infringing operation after they are sued, they may simply subjectively believe[] the plaintiff's patent infringement action has no merit."). Indeed, MediaPointe's willfulness allegation fails to even address that Akamai's declaratory judgment claims articulated multiple reasons why Akamai does *not* infringe.

MediaPointe's willful infringement and enhanced damages claim should therefore be dismissed.

### B. MediaPointe's Induced Infringement Claim Should Be Dismissed

To state a claim for induced infringement of the '426 patent, MediaPointe must plead facts showing that: (1) Akamai knew of the '426 patent; (2) Akamai knowingly induced a third party to infringe the patent; (3) Akamai had ***specific intent to induce the third party to infringe*** the patent; and (4) as a result of the supposed inducement, the third party directly infringed the patent. *DSU Med. Corp.*, 471 F.3d at 1305-06.

The Federal Circuit has made clear that the "specific intent" element of an inducement claim requires not only that the defendant knew of the asserted patents and intended to cause the acts that allegedly caused the infringement, ***but also that***

10

***the defendant had an affirmative intent to cause infringement***.  *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760-66 (2011) (induced infringement requires "actively induc[ing] another to take some action" with the "knowledge that the induced acts constitute patent infringement.").

District Courts have similarly made clear that under this well-established law, simply asserting that the defendant encouraged the acts that supposedly infringe is not enough—instead, the plaintiff must allege facts showing that the defendant culpably intended to encourage infringement. *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-8876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (explaining that "there must be facts alleging a specific intent to induce the direct infringer" to adequately plead a claim of induced infringement); *epicRealm, Licensing, LLC v. Autoflex Leasing, Inc.*, 492 F. Supp. 2d 608, 634 (E.D. Tex. 2007) ("[M]ere knowledge alone of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.").

MediaPointe fails to allege any facts that could show that Akamai possessed a specific intent to induce infringement.  MediaPointe simply asserts that, after the filing of the WDTX Action, Akamai has "disseminat[ed]" the technologies that MediaPointe accuses, along with unidentified marketing, promotional, and instruction materials about the relevant services.  Counterclaims ¶¶ 30-35.  These allegations fail for three reasons.

***First***, MediaPointe has not alleged anything that could show that Akamai affirmatively intended to infringe the '426 patent.  At most, MediaPointe's allegations establish nothing more than that Akamai continued to engage in its business of selling its services and providing its customers with information about its services.  It is well settled that this alone does not show specific intent to infringe (or induce others to infringe).  *See MONEC Holding AG v. Motorola Mobility, Inc.*,

897 F. Supp. 2d 225, 234 (D. Del. 2012) (dismissing inducement claim because conclusory allegations regarding Defendants' "selling, advertising, supplying and instructing its respective customers on the use of the infringing product" do not "demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement"); *see also Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-6566-EMC, 2020 WL 1478352, at *4 (N.D. Cal. Mar. 26, 2020) (dismissing induced infringement counterclaim because accused infringer "fil[ed] an action seeking declaratory judgment of noninfringement … which can negate the specific intent required for induced infringement" and inducement counterclaim "ha[d] not made a convincing case to the contrary").

***Second***, MediaPointe never even identifies a specific marketing, promotional, or instructional statement that Akamai allegedly made nor provides any facts showing how any such statement could plausibly show that Akamai had an affirmative intent to cause infringement of the '426 patent. *See Addiction & Detoxification Inst. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of inducement claim because "[s]imply repeating the legal conclusion that Defendants induced infringement … does not plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'"); *Superior Indus., LLC v. Thor Glob. Enters.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (a complaint that "does not allege any facts to support a reasonable inference that [defendant] specifically intended to induce infringement … or that it knew it had induced acts that constitute infringement," is insufficient to state a claim); *Princeps*, 2020 WL 1478352, at *4 (in declaratory judgment action, dismissing counterclaim for induced infringement because allegations regarding "instructional materials" were "wholly inadequate for an inference of specific intent" where counterclaim "does not ever say what those materials contain" and "does not

12

even provide specific instructional materials … as examples" (cleaned up)); *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 6:13-cv-362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (where a plaintiff "does not specify how the marketing and selling activities … actually induced third-parties to infringe" a court is "unable to draw reasonable interferences of a viable induced infringement claim based on [such] conclusory and speculative facts").

**Third**, it is well established that simply providing services and instructing customers how to use products does not alone show an affirmative intent to induce infringement. *Takeda*, 785 F.3d at 630-31 & n.3 (instructions that describe an allegedly "infringing mode" do not show intent to induce; instead, inducement requires taking "active steps" to encourage direct infringement); *Stragent, LLC v. BMW of North America, LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697, at *9-10 (E.D. Tex. Mar. 3, 2017) (dismissing indirect infringement claim where complaint pleads only "that the Defendants provide customers with infringing devices along with instructions"); *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1196-98 (D. Or. 2015) (reference to defendant's product instructions, without more, insufficient to show specific intent to infringe); *Straight Path IP Grp. v. Vonage Holdings Corp.*, No. 14-cv-502, 2014 WL 3345618, at *2 (D.N.J. July 7, 2014) (allegations that defendants instructed customers how to use accused products insufficient to establish that "Defendants *specifically intended* for the induced acts to infringe").

Virtually all companies need to provide marketing and instructional materials to customers in order to support their business. If this were sufficient to show specific intent, the specific intent requirement of induced infringement would be essentially meaningless, and induced infringement would be reduced to a strict liability offense. That is not the law. *Takeda*, 785 F.3d at 630-31 (product instructions merely "describ[ing] the [allegedly] infringing mode" insufficient for

13

inducement—instead, "such instructions need to evidence intent to *encourage* infringement" such as by "suggesting that an infringing use 'should' be performed" (emphasis in original)); *Cal. Beach Co. v. Exqline, Inc.*, No. 20-cv-1994-WHA, 2020 WL 6544457, at *3 (N.D. Cal. Nov. 7, 2020) (dismissing inducement claim where patent owner "allege[d] no more than [defendant's] ordinary course of business toward all its merchants" because "induced infringement does not turn merely on a defendant's role in a product chain, but requires the defendant's affirmative action to recommend, encourage, promote, or suggest infringement").

MediaPointe's allegations of induced infringement thus also should be dismissed.

## IV. CONCLUSION

The purpose of the pleading rules is to show that the claimant actually has sufficient facts to proceed and to fairly put the defendant on notice of the basis of the claimant's allegations. MediaPointe's allegations of willful and induced infringement do neither. MediaPointe's complaint does not plead any facts that could possibly support these claims. Under *Iqbal* and *Twombly*, MediaPointe's claims for willful and induced infringement should be dismissed with prejudice.

| | | |
|---|---|---|
| 1 | DATED:  November 7, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| 4 | | |
| 5 | | By: /s/ *Michael J. Summersgill* |
| | | Michael J. Summersgill (pro hac vice) |
| 6 | | michael.summersgill@wilmerhale.com |
| 7 | | Jordan L. Hirsch (pro hac vice) |
| | | jordan.hirsch@wilmerhale.com |
| 8 | | Benjamin N. Ernst (pro hac vice) |
| | | ben.ernst@wilmerhale.com |
| 9 | | Asher S. McGuffin (pro hac vice) |
| 10 | | asher.mcguffin@wilmerhale.com |
| 11 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 12 | | 60 State Street |
| | | Boston, Massachusetts 02109 |
| 13 | | Telephone:  (617) 526-6000 |
| 14 | | |
| 15 | | Arthur W. Coviello (SBN 291226) |
| | | arthur.coviello@wilmerhale.com |
| 16 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 17 | | 2600 El Camino Real, Suite 400 |
| 18 | | Palo Alto, California 94306 |
| | | Telephone:  (650) 858-6069 |
| 19 | | |
| 20 | | Jason F. Choy (SBN 277583) |
| | | jason.choy@wilmerhale.com |
| 21 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 22 | | |
| 23 | | 350 South Grand Avenue, Suite 2400 |
| | | Los Angeles, California 90071 |
| 24 | | Telephone:  (213) 443-5300 |
| 25 | | |
| 26 | | *Attorneys for Plaintiff and Counterclaim-Defendant Akamai Technologies, Inc.* |
| 27 | | |
| 28 | | |

15