UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDIAPOINTE, INC. and AMHC, INC., <br><br> Defendants. | Case No. 2:22-cv-06233-MCS (SHKx) <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285 [ECF NO. 215]** |

Plaintiff Akamai Technologies, Inc. ("Akamai") moves for attorneys' fees under 35 U.S.C. § 285. ("Motion," ECF No. 215.) Defendants MediaPointe, Inc. and AMHC, Inc. ("MediaPointe") filed an opposition. ("Opp'n," ECF No. 217.) Akamai filed a reply. ("Reply," ECF No. 221.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court **DENIES** Akamai's Motion.

**II.    BACKGROUND**

Akamai brought this action against MediaPointe seeking a declaratory judgment that it does not infringe U.S. Patents No. 8,559,426 (the "'426 Patent") and 9,426,195 ("the '195 Patent"). (*See* Complaint, ECF No. 1; "FAC," ECF No. 29.) MediaPointe filed counterclaims for infringement. (*See* MediaPointe's Counterclaims, ECF No. 36;

1

MediaPointe's First Amended Counterclaims, ECF No. 45.) Akamai filed counterclaims for invalidity of the '426 and '195 Patents. (Akamai's Counterclaims, ECF No. 44.) In its Markman Order, the Court found the asserted claims of the '426 Patent invalid for indefiniteness. (ECF No. 101 at 14.) Akamai moved for summary judgment of non-infringement of the '195 Patent. (ECF No. 133). In connection with its summary judgment motion, Akamai also moved to strike previously undisclosed infringement theories from MediaPointe's expert report. (ECF No. 136.)

The Court granted Akamai's motion to strike, finding MediaPointe's new infringement theory relying on the "Mapper" as the claimed "management center" untimely. (*See generally* Order re Motion to Strike, ECF No. 181.) The Court also granted Akamai's motion for summary judgment because the ruling striking the new infringement theory left MediaPointe without sufficient admissible evidence to raise a triable issue of fact as to infringement. (*See generally* Order re Summary Judgment, ECF No. 182.) The Court entered final judgment in favor of Akamai. (ECF No.208.) Akamai then filed this motion for attorneys' fees.

## II. LEGAL STANDARD

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Although the Patent Act does not define "exceptional," the Supreme Court has construed it to have its ordinary meaning, i.e., "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). Thus, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. Section 285 discourages certain "exceptional" conduct by imposing the cost of bad decisions on the decision maker.

District courts determine whether a case is exceptional by "considering the totality of the circumstances." *Id.* Fees may be awarded where "a party's unreasonable

2

conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. *Id.* at 555. "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* Other relevant factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). A party must prove its entitlement to fees by a preponderance of the evidence. *Id.* at 557–58.

In the companion case to *Octane Fitness*, the Supreme Court held that "[b]ecause § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 572 U.S. 559, 563 (2014). The abuse-of-discretion standard applies to "all aspects of a district court's § 285 determination." *Id.* at 564. "[T]he exercise of [that] discretion in favor of [granting] such an allowance," however, "should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular lawsuit should be left to bear the burden of his own counsel fees which prevailing litigants normally bear." *J.P. Stevens Co. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1051–52 (Fed. Cir. 1987) (internal quotation marks omitted).

### III. DISCUSSION

Akamai argues that this case is exceptional for three primary reasons. *First* Akamai argues that MediaPointe continued to assert a baseless infringement theory, even after it became apparent the theory was not viable. (Mot. at 13.) Specifically, Akamai argues that MediaPointe identified the Global Traffic Management ("GTM") in the accused products as the claimed "management center" even though fact discovery showed otherwise and MediaPointe's own expert later rejected this theory. (*Id.*)

///

*Second*, Akamai argues that MediaPointe "improperly and belatedly" changed its infringement theory, identifying the "Mapper" as the "management center," after discovering that its initial theory was not viable. (*Id*.)

*Third,* Akamai argues that MediaPointe engaged in improper litigation tactics by filing and later retracting an allegedly improper motion to compel, failing to timely disclose communications with the inventor of the asserted patent, and due to the manner in which MediaPointe litigated a prior action in Texas. (*Id*. at 17–19.)

MediaPointe responds that its infringement theories – both GTM as management center and Mapper as management center – were not objectively baseless. (*See* Opp'n at 10.) MediaPointe further argues that its mistake with respect to identifying the GTM instead of the Mapper does not render the case exceptional. (*See id*.) MediaPointe also generally argues that the fact that Akamai prevailed on its motion to strike and motion for summary judgment cannot provide a hindsight basis to award fees. (*Id.* at 7–8.)

For the following reasons, this case is not exceptional. First, even though MediaPointe's initial infringement theory identifying the GTM ultimately proved not viable, MediaPointe desisted in pursuing that theory before summary judgment. Second, MediaPointe's infringement theory identifying the Mapper was not objectively baseless even though MediaPointe did not prevail on that issue. Finally, the litigation tactics Akamai identifies do not support an exceptional case finding.

**The GTM Theory**. The Court declines to find MediaPointe's original infringement theory, identifying the GTM, objectively baseless. As a threshold matter, Akamai only seeks attorneys' fees for the period following discovery in this case. (Mot. at 5.) MediaPointe did not assert the GTM theory past the discovery stage. Accordingly, this theory cannot be the basis for the relief Akamai seeks. Next, though MediaPointe ultimately concluded that identifying the GTM as the Mapper was a mistake, GTM desisting in pursuing this infringement theory when it discovered its mistake. Realizing this mistake with the help of its expert witness, MediaPointe identified a different component as the management center. (Opp'n at 10.) The fact that MediaPointe caught

4

and corrected the error too late to amend its contentions does not render the case exceptional.

**The Mapper Theory.** The Court declines to find MediaPointe's infringement theory identifying the Mapper objectively baseless. In its ruling granting summary judgment of non-infringement, the Court found that its decision to strike MediaPointe's untimely theory left MediaPointe "without any evidence that the Mapper meets the management center limitation and thus without any evidence to rebut Akamai's summary judgment motion." (ECF No. 182 at 7.) The Court also independently found that the Mapper MediaPointe identified cannot meet the "receive an initial request for media content" limitation because the available evidence showed only that the Mapper receives a DNS query. (*Id.* at 9.) A DNS query, alone, cannot be the request for media content. (*Id.*)

In making its summary judgment ruling, the Court considered testimony from MediaPointe's expert but also technical documents from Akamai. (*See id.*) The ruling found MediaPointe's infringement theory incorrect in view of this evidence. However, this ruling does not mean that no reasonable patentee would have advanced an infringement theory identifying the Mapper as the management center. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013) ("To be objectively baseless, the patentee's assertions—whether manifested in its infringement allegations or its claim construction positions—must be such that no reasonable litigant could reasonably expect success on the merits.") (internal quotations and citations omitted). The fact that MediaPointe did not prevail, without more, does not justify an award of fees here. *See WSOU Invs., LLC v. F5 Networks, Inc.*, No. 2:21-CV-00126-BJR, 2023 WL 3723679, at *3 (W.D. Wash. May 30, 2023) ("The fact that . . . Plaintiff lost on summary judgment is not 'exceptional' but in fact exceedingly ordinary.")

**The Litigation Tactics**. Finally, the Court finds Akamai's arguments related to various litigation tactics unpersuasive. First, as to the motion to compel, the Court is reluctant to factor in that conduct because MediaPointe ultimately retracted the motion.

To base an award of fees, in part, on this conduct could have a chilling effect on parties retracting non-viable motions.

Second, the Court does not find the failure to disclose communications with Mr. Hayes until the end of the fact discovery period egregious. Neither party fully explains the history around this issue and its impact on Akamai's ability to reasonably litigate this case. For instance, Akamai does not argue that it filed any motions to compel on this issue or that it was unable to depose Mr. Hayes. Absent further explanation showing egregious behavior, the Court declines to award fees based on this conduct.

Finally, the manner of litigation in the prior Texas action is not relevant here. First, Akamai only seeks fees following discovery in this, separate matter. Thus, the conduct in Texas cannot be the basis for a fee award here. Additionally, MediaPointe dismissed the Texas action when it realized that patent ownership issues made its litigation position non-viable. As discussed above with respect to the motion to compel, the Court declines to base a fee award on conduct relating to claims or positions that MediaPointe ultimately declined to pursue.

**Fee Awards Require More Egregious Positions and Conduct**

In support of its fee request, Akamai cites *Phigenix, Inc. v. Genentech, Inc.*, 2018 WL 3845998 (N.D. Cal. Aug. 13, 2018), *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 WL 3956703 (N.D. Cal. Aug. 12, 2014), and *CliniComp Int'l, Inc. v. Cerner Corp*, 2023 WL 1767008 (S.D. Cal. Feb. 3, 2023). These cases involve litigation positions and conduct far more egregious than MediaPointe's conduct here. First, in *Phigenix*, the parties' pre-suit communications first alerted the patentee to the weaknesses in its case, which persisted throughout the litigation, creating a pattern of egregious conduct. *See* 2018 WL 3845998, at *6. Next, in *Kilopass*, the patentee continued to assert a claim for literal infringement despite receiving advice from counsel that the theory was not viable, among other problems. 2014 WL 3956703, at *10-11. Finally, in *CliniComp*, the Court found the case exceptional because the patentee continued to assert a theory that had become baseless in view of the Court's

claim construction ruling. 2023 WL 1767008, at *5.

Here, MediaPointe identified a mistake in its original infringement theory after completing fact discovery. MediaPointe then attempt to correct the mistake by identifying a new component as meeting a particular claim limitation in its expert report. The Court found disclosure of the new component untimely. The infringement position based on the new component was not objectively baseless.

Having examined the totality of the circumstances, the Court exercises its discretion to conclude that nothing about this case, singularly or cumulatively, brings it outside of the mine-run of patent litigation cases. Therefore, the case is not exceptional, and Akamai's motion for attorneys' fees is **DENIED**.

## IV. MOTION FOR LEAVE TO FILE SURREPLY

The Court **DENIES** MediaPointe's request for leave to file a sur-reply (ECF No. 223). The original moving papers provide sufficient information for the Court to evaluate the parties' dispute. Additionally, the Court views the challenged material in the reply as consistent with positions less thoroughly explained in Akamai's motion. Moreover, for the reasons stated above, the Court declines to award fees here, even without the benefit of the sur-reply.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Akamai's motion.

**IT IS SO ORDERED.**

Dated: April 10, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

7